## J. M. Bays et al. v. Heber Stone et al.

Decided June 27, 1903.

**Deed by Heirs—Prior Conveyance of Half Interest—Land Certificate.**

B., being entitled to a headright league and labor certificate, agreed to convey to G. a half- interest therein for obtaining and locating it, but died before making such transfer. Two of his three heirs afterwards conveyed to G. an equal one-half interest in the certificate, and later all three of the heirs conveyed the remaining half to T., the conveyance reciting that the other half had been conveyed to G. The third heir survived the latter conveyance; which he had executed by attorney in fact, nearly twenty years, and never made any claim to the certificate or the land. Held that his heirs were not entitled to recover a third interest in one-half the land, as it would be presumed that he received his just proportion of the proceeds of the second sale, and thereby parted with all his interest in the certificate. As the contract made by B. was barred, it was not sought to be enforced in this action by the claimants under G.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*W. J. Howard,* for appellants.

*Hutcheson, Campbell & Hutcheson,* for appellees.

GILL, Associate Justice.—This is an action of trespass to try title, brought by J. M. and J. S. Bays, Sarah Steadman, joined by her husband Jasper Steadman, Mary Batson and Roy Esterling against Heber Stone and his codefendants to recover, as heirs of Peter Bays, an undivided interest of one-sixth in the Joseph Bays survey in Harris County. The defendants answered by plea of not guilty, limitation of three, four, five and ten years, asserted title to the land, and prayed for affirmative relief. Plaintiffs answered the prayer for affirmative relief by plea of not guilty, limitation of four and ten years, laches and stale demand.

A trial before the court without a jury resulted in a judgment for defendants, from which the plaintiffs have appealed. There are no conclusions of fact and law.

Joseph Bays, the agreed common source of title, died prior to 1855. He left at his death three children. His wife's death preceded his. The names of these children were Susan Bays, who intermarried with Peter De Moss, H. L. Bays and Peter Bays. Peter Bays died in 1875, and the plaintiffs are his heirs and legal representatives.

On April 19, 1851, Joseph Bays entered into the following written agreement:

"State of Texas, County of Bell. Know all men by these presents, that I; Joseph Bays, agree to transfer and convey to J. D. Giddings one-half of my headright league and labor of land in case he should obtain a certificate for same, or one-half the amount he may obtain from the Legislature or government of Texas as a headright."

Giddings procured the certificate as agreed, but Joseph Bays died without making him the promised conveyance of a half interest.

On November 13, 1855, H. L. Bays and his sister, Mrs. De Moss, joined by her husband, executed the following instrument:

"State of Texas, County of De Witt. Know all men by these presents, that we, Peter De Moss, Susanna De Moss, his wife, H. L. Bays, heirs at law of Joseph Bays, deceased, for and in consideration of $400 paid to us, and in consideration of a contract entered into between Joseph Bays in his lifetime with J. D. Giddings, * * * to convey to said Giddings one equal one-half of his headright certificate for one league and labor of land, have granted, bargained, sold, aliened, conveyed and confirmed unto him, the said Giddings, one equal half of the headright of Joseph Bays (same heretofore described). To have and to hold the said equal one-half of said certificate, and the land upon which certificate may be located, unto him, the said J. D. Giddings." * * * (General warranty clause.)

On June 21, 1856, H. L. Bays and his sister, Mrs. De Moss, joined by her husband, executed the following instrument in which Peter Bays joined on July 26, 1856, through his attorney in fact Peter De Moss:

"Know all men by these presents, that we, Peter De Moss, and Susan De Moss his wife, Henry L. Bays, and Peter Bays, heirs at law of Joseph Bays, decased, for and in consideration of $400, * * * have granted, bargained, sold and transferred * * * to Joseph Tumlinson, * * * all our right, title and interest in and to the one-half of the following land certificate, the headright of Joseph Bays, issued by the Commissioner of the General Land Office, dated the 8th day of February, 1853, No. 2695-2796, for one league and one labor of land, we having heretofore transferred the other half of said certificate unto J. D. Giddings. To have and to hold the said one-half of said certificate unto the said Joseph Tumlinson." * * * (Warranty clause.)

The power of attorney authorizing De Moss to act for Peter Bays in the matter is as follows:

"The State of Texas, County of De Witt. Know all men by these presents, that I, Peter Bays, one of the heirs at law of Joseph Bays, deceased, do by these presents nominate, constitute and appoint my friend Peter De Moss my true and legal atty. in fact for me and in my name to transfer and assign my name to a transfer of one-half the following described land certificate (same as heretofore described), hereby ratifying all his, my said attorney's, acts in the transfer of said one-half of the aforesaid certificate, authorizing him, my said attorney, to sign my name to said transfer and to do all things necessary for said transfer, binding myself and my legal representatives firmly by these presents." Its date was July 12, 1856.

There is no direct evidence that Peter Bays, when he executed the power of attorney or afterwards, actually knew of the previous conveyance of a half interest in the certificate to Giddings, or that he knew or afterwards learned of the expression in the Tumlinson deed

referring to the former conveyance. Tumlinson subsequently sold to Giddings his entire interest in the certificate, which was thereafter located by Giddings and the land in controversy is a part of such location. The defendants were shown to be the owners of whatever interest Giddings had acquired by reason of these purchases.

Under this state of facts appellants contend that as Peter Bays did not join his coheirs in the deed to Giddings, he retained a one-sixth interest in the half of the certificate thereby conveyed, and that while the deed to Tumlinson with its warranties served to pass a full half interest to him, the interest of Peter Bays in the half previously sold is not affected thereby. They argue that to hold otherwise, in view of the peculiar wording of both instruments, would be to allow the deed of two tenants in common to convey the interest of a third. The point made is that Peter Bays signed an instrument which authorized his attorney in fact to convey only half the certificate and has never parted with his interest in the other half. The combined interests of the two heirs who signed the deed to Giddings amounted to two-thirds of the certificate. They therefore had the undoubted right to convey as much as one-half of the certificate, with or without the consent of their co-owner, and the vendee in partition proceedings could enforce his right to the half thus conveyed. The interests of the two heirs thus conveying would be correspondingly decreased as to the remaining half, and that of the nonsigning co-owner correspondingly increased. But such a transaction ought not to be concealed from the co-owner either by accident or design. He is entitled to notice in order that he may protect himself in the sale of the remaining half. Else the two who had parted with the first half and thus greatly diminished their interest in the remainder might take advantage of the co-owner's want of notice and induce him to join them in a conveyance of the remaining half under the mistaken belief that the whole certificate belonged to them and they would still have a half remaining in common ownership. The proceeds of this sale might thus be divided equally, whereas in such case the co-owner would be entitled to five-sixths of the proceeds. In view of such a possible consequence it is plain that the effect of a partition can not be given to the conveyance of the first half, if it should appear that Peter Bays joined in the conveyance of the second half in ignorance of the sale of the first, and that the transaction operated to his detriment. This being true, the soundness of the trial court's conclusion must be tested by the state of the record on the question of notice. It is plain that the recitals in the deed to Tumlinson in which the first conveyance is referred to did not, ipso facto, bind Peter Bays, for it does not appear that his attorney in fact was authorized to bind him except by such recitals as were necessary to convey a half interest in the certificate. But we are of opinion that, independent of the question of burden of proof on such an issue (a point we do not decide), the facts in the record abundantly support the conclusion that Peter Bays had notice of the first sale, and sold with reference to it. The

deed to Tumlinson was executed in 1856. By that means we know that the existence of the certificate was called directly to the attention of Peter Bays. Giddings' deeds from the Bays heirs were placed of record in Harris County in 1860. The location was made for Giddings in Harris County prior to 1873. Giddings has continuously asserted ownership of the certificate and of the land and has paid all taxes thereon. Peter Bays survived the execution of the power of attorney nearly twenty years, and it does not appear that he ever asserted any claim to the certificate or the land. In the sale of the second half he was joined by his brother and his sister, and after this lapse of time and the absence of opposing claims and the other circumstances above detailed, the trial court was justified in refusing to hold that the brother and sister of Peter Bays and his attorney in fact overreached him in the division of the proceeds of the second sale, or kept from him the fact that the previous sale had been made. The fact that it was mentioned in the deed to Tumlinson rebuts the presumption either of concealment or fraud, and upon no other ground than that of fraud could Peter Bays be held to have been ignorant of the facts. If he received his just proportion of the proceeds of the second sale, it is certain he parted with all his interest in the certificate, for that of itself would have put him upon notice of the previous sale.

No such possession of any of the land was shown as would support either of the statutes of limitation pleaded by defendants. The right to enforce the contract of Joseph Bays to convey half the certificate was of course barred, and the contract is not sought to be enforced.

In the view we have taken of the case the other points so ably and interestingly presented by counsel need not be discussed. The ancestor of plaintiffs having parted with his entire interest in the certificate, they inherited nothing. It follows that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.